**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | : Chapter 11 |
| | : |
| R.H. DONNELLEY CORPORATION, *et al.*,[1] | : Case No. 09-11833 (KG) |
| | : |
| | : (Jointly Administered) |
| Debtors. | : **Objection Deadline: August 3, 2009 at 4:00 p.m.** |
| | : **Hearing Date: August 21, 2009 at 11:00 a.m.** |

**APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE**
**OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF R.H. DONNELLEY**
**CORPORATION, *ET AL.* TO EMPLOY AND RETAIN J.H. COHN LLP AS FINANCIAL**
**ADVISORS AND FORENSIC ACCOUNTANTS *NUNC PRO TUNC* TO JUNE 16, 2009**

The Official Committee of Unsecured Creditors (the "Committee") in the chapter 11 cases

of the above-captioned debtors (the "Debtors"), respectfully submits this application (the

"Application") to the Court pursuant to sections 328(a) and 1103(a) of title 11 of the United States

Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), rules 2014(a) and 2016 of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Rules of

the Bankruptcy Practice and Procedures of the United States Bankruptcy Court for the District of

Delaware (the "Local Rules"), for the entry of an order, substantially in the form attached hereto as

Exhibit A, authorizing the Debtors to employ and retain J.H. Cohn LLP ("JHC") as financial

advisors and forensic accountants to the Committee, *nunc pro tunc to* June 16, 2009. In support of

this Application, the Committee submits the Declaration of Kevin P. Clancy, a Partner at JHC (the

"Clancy Declaration") a copy of which is attached hereto as Exhibit B and incorporated by

---

[1] The Debtors in these chapter 11 cases are: R.H. Donnelley Corporation, R.H. Donnelley Inc., DonTech Holdings, LLC, R.H. Donnelley Publishing & Advertising of Illinois Holdings, LLC, DonTech II Partnership, R.H. Donnelley Publishing & Advertising of Illinois Partnership, R.H. Donnelley Publishing & Advertising, Inc., Get Digital Smart.com, Inc., R.H. Donnelley APIL, Inc., RHD Service LLC, Dex Media, Inc., Dex Media East LLC, Dex Media East Finance Co., Dex Media West, Inc., Dex Media West LLC, Dex Media West Finance Co., Dex Media Service LLC, Business.com, Inc., and Work.com, Inc.

11952161_8.DOC

reference herein.  In further support of this Application, the Committee respectfully states as follows:

## Jurisdiction and Venue

1.      This Court has jurisdiction to consider the Application pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory and legal predicates for the relief sought herein are Bankruptcy Code sections 328(a) and 1103(a), Bankruptcy Rules 2014(a) and 2016 and Local Rule 2014-1.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Background

2.      On May 28, 2009 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  Pursuant to sections 1107 and 1108 of the Bankruptcy Code, the Debtors continue in the management and operation of their businesses and properties as debtors in possession.  The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).  No trustee or examiner has been appointed in these cases.

3.      On June 10, 2009, the Office of the United States Trustee appointed the Committee and designated the following five (5) members to serve on the Committee: (i) Communication Workers of America, (ii) RR Donnelley & Sons Company, (iii) Web.com Holding Company, (iv) The Bank of New York Mellon and (v) PIMCO High Yield Fund.  On or about June 15, 2009, the Office of the United States Trustee appointed Wilmington Trust Company to the Committee.  On June 19, 2009, the Office of the United States Trustee appointed Law Debenture Trust Company of New York to the Committee, and the Committee consists of seven (7) members as of the date hereof.  On June 16, 2009, the Committee selected JHC to provide financial advisory and forensic

accounting services to the Committee in connection with Debtors' chapter 11 cases, subject to the approval of this Court.

### Background of JHC

4.      JHC is a financial advisory/consulting firm which maintains offices at 333 Thornall Street, 6th Floor, Edison, New Jersey. JHC's professionals have extensive experience working with financially troubled companies in complex chapter 11 cases. Their professionals have advised debtors, creditors, equity constituencies and purchasers in more than two hundred (200) bankruptcies. JHC has an excellent reputation for services it has rendered in chapter 11 cases on behalf of debtors, creditors and creditors' committees.

5.      The Committee selected JHC based upon, among other things, the extensive experience and excellent reputation of JHC's senior professionals in providing financial advisory and forensic accounting services in complex chapter 11 cases.

### Relief Requested

6.      By this Application, the Committee seeks entry of an order authorizing it to employ and retain JHC pursuant to Bankruptcy Code sections 328(a) and 1103(a), Bankruptcy Rules 2014(a) and 2016 and Local Rule 2014-1 to perform financial advisory and forensic accounting services for the Committee in connection with the Debtors' chapter 11 cases.

7.      The Committee seeks to employ and retain JHC to provide financial advisory and forensic accounting services including the following, as necessary and requested:

a) Perform analysis and monitoring of the Debtors' historical, current and projected financial affairs, including without limitation, schedules of assets and liabilities, statement of financial affairs, periodic operating reports and cash receipts and disbursements;

b) Perform forensic and financial analyses, including the evaluation of inter-company claims, avoidance actions, fraudulent conveyances and preferential

11952161_8.DOC                                                  3

transfers and provide litigation support services in connection therewith, including expert testimony, as required by the Committee;

c) Review and analyze certain financial information prepared by the Debtors and their professionals related to any business plan(s);

d) Review and analyze the Debtors' historical and continuing cash management system, including tracing the flow of funds among the Debtors;

e) Review and analyze financial information related to the Debtors' use of cash collateral;

f) Monitor the Debtors' claims management process, analyze claims, analyze guarantees and summarize claims by entity;

g) Analyze the impact of the bankruptcy filing on strategic alliances and supply agreements;

h) Analyze proposed critical vendor arrangements, current status of trade support and monitor any subsequent changes in amounts and terms of credit extension;

i) Provide tax advisory services, as required by the Committee;

j) Advise and assist the Committee in its assessment of proposed severance and other employee plans;

k) Communicate findings to the Committee; and

l) Render such other forensic accounting and other financial consulting services as the Committee and its counsel may deem necessary.

8. In order to perform these services in a cost-effective manner, JHC has represented to the Committee that it will endeavor to coordinate all of its services to the Committee with the other professionals retained by the Committee in this case including Blackstone Advisory Services L.P. ("Blackstone"), the Committee's proposed financial and restructuring advisor, so as to minimize and avoid any unnecessary duplication of services and lessen the potential burden on the Debtors' estates and their professional advisors. Representatives of JHC have already met with the representatives of Blackstone and worked out an appropriate and efficient division of

11952161_8.DOC                                                    4

responsibilities. As such, the Committee submits that the services of JHC will complement, and not duplicate, the services provided by Blackstone.

## Professional Compensation

9.     JHC intends to apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with these chapter 11 cases, subject to the Court's approval and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any other applicable procedures and orders established by this Court. Further, because the Committee is seeking approval of JHC's compensation under section 328(a) of the Bankruptcy Code, the Committee believes that JHC's compensation should not be subject to any additional standard of review under section 330 of the Bankruptcy Code.

10.    JHC's proposed compensation is set forth in the accompanying Clancy Declaration. In summary, the Debtors' estates shall reimburse JHC for its hourly professional charges and disbursements. This is consistent with and typical of compensation arrangements entered into by JHC and other comparable firms in connection with the rendering of similar services under similar circumstances.

## JHC's Disinterestedness

11.    As of May 28, 2009, JHC did not have any prepetition claims against the Debtors. To the best of the Committee's knowledge and except to the extent disclosed herein and in the Clancy Declaration, JHC: (a) is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code and (b) does not hold or represent an interest adverse to the Committee, the Debtors or the Debtors' estates.

## Basis for Relief Requested

12.     The Committee seeks approval of the Application and the compensation provisions contained herein pursuant to section 328(a) of the Bankruptcy Code, which provides, in relevant part, that the debtors "with the court's approval, may employ or authorize the employment of a professional person under [section 1103] . . . on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis. . . ." 11 U.S.C. § 328(a).

13.     It is essential that the Committee employ a financial advisor and forensic accountant to render the foregoing professional services in order to assist the Committee with its duties and to handle the many issues that may arise in the context of these cases.  The Committee believes that JHC is qualified to serve it in these chapter 11 cases and that the retention of JHC is in the best interests of the creditors and the Debtors estates.  Because of the number of emergent matters pending with the Court in these cases, JHC was requested to immediately begin many of the tasks outlined in paragraph 7 above.

14.     In light of the foregoing, and given the numerous issues that JHC may be required to address in the performance of its services hereunder, JHC's commitment to the variable level of time and effort necessary to address all such issues as they arise and the market prices for JHC's services for engagements of this nature, the Committee believes that the terms and conditions of JHC's retention and employment are fair, reasonable and market-based under the standards set forth in section 328(a) of the Bankruptcy Code.

## Waiver of Memorandum of Law

15.     Because the relevant facts and law are detailed herein, the Committee respectfully requests that the Court waive the requirement that the Committee file a separate memorandum of

11952161_8.DOC                                          6

law in support of the Application, but the Committee reserves the right to file a brief in reply to any objection to this Application.

### Notice and Prior Applications

16.     This Application has been served on (i) the United States Trustee; (ii) the Debtors; (iii) counsel to the Debtors, Sidley Austin LLP; and (iv) all parties requesting notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested, the Committee respectfully submits that no further notice is necessary.

WHEREFORE, the Committee respectfully requests that this Court enter an order, substantially in the form attached hereto as Exhibit A, (i) authorizing the Committee to retain JHC as its financial advisor and forensic accountant in these cases, *nunc pro tunc* to June 16, 2009 and (ii) granting the Committee such other and further relief as the Court may deem just, proper and equitable.

Dated: July 13, 2009

THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF R.H. DONNELLEY CORPORATION, *ET AL.*

By:     PIMCO High Yield Fund, solely in its capacity as Chair of the Committee and not in its individual capacity[2],

By:     _____
        Name:  David G. Behenna

---

[2] Except as otherwise provided in this Application, I have made the statements herein on information and belief and in reliance on statements made to me by the Committee and its professionals.