# United States Bankruptcy Court
For the District Of Delaware

In re R.H. Donnelly Corporation et al., Case No. 09-11833 (KG)

### TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(1), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| Claims Recovery Group LLC | INTEGER GROUP LLC |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:

Claims Recovery Group LLC
92 Union Avenue
Cresskill, NJ 07626 Phone:

Phone: (201) 266-6988
Last Four Digits of Acct#:_____

Name and Address where Transferee payments should be sent (if different from above);
SAME AS ABOVE

Court Claim # (if known):

Amount of Claim: $27,908.90
Date Claim Filed:

Phone:
Last Four Digits of Acct#:_____

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By:___/s/ Allison R. Axenrod_____ Date:__Friday, September 25, 2009___
        Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

**Form 210B (10/06)**

# United States Bankruptcy Court
For the District Of Delaware

In re R.H. Donnelly Corporation et al., Case No. 09-11833 (KG)

## NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY

Claim No. _____ (if known) was filed or deemed filed under 11 U.S.C. § 1111(a) in this case by the alleged transferor. As evidence of the transfer of that claim, the transferee filed a Transfer of Claim Other than for Security in the clerk's office of this court on September 25, 2009.

| | |
|---|---|
| Claims Recovery Group LLC | INTEGER GROUP LLC |
| Name of Alleged Transferor | Name of Transferee |
| | |
| 92 Union Avenue, Cresskill, NJ 07626 | 7245 W ALASKA DRIVE , LAKEWOOD, CO 80226 |
| Address of Alleged Transferor: | Address of Transferee: |

~~DEADLINE TO OBJECT TO TRANSFER~~

The alleged transferor of the claim is hereby notified that objections must be filed with the court within twenty (20) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.
Date:_____ _____

**CLERK OF THE COURT**

<u>CLAIM PURCHASE AGREEMENT</u>

<u>Assignment of Claim</u>. INTEGER GROUP LLC (hereinafter "Seller"), with a principal address of 7245 W ALASKA DRIVE, LAKEWOOD, CO 80226 for good and valuable consideration in the sum of $XXXXXX (the "<u>Purchase Price</u>"), does hereby absolutely and unconditionally sell, convey, and transfer to Claims Recovery Group LLC, and any of its successors, assigns or designees (hereinafter "<u>Purchaser</u>"), all of Seller's right, title, benefit and interest in and to any and all of Seller's pre-petition claim or claims (the "<u>Claim</u>"), against Dex Media East Inc or any of its co-debtor, subsidiaries or affiliates (collectively, the "<u>Debtor</u>"), in bankruptcy proceedings in the United States Bankruptcy Court for the District of Delaware (the "<u>Court</u>"), Case No. 09-11833 (KG) (the "<u>Case</u>"); and includes any Proof of Claim (defined below), along with voting and any other rights and benefits which may now exist, or come into existence in regards to the Claim, all cash, securities, instruments and other property, to be paid or issued by Debtor or any other party, directly or indirectly, in connection with the Claim, and all rights to receive interest, penalties, fees, and any damages from any cause of action, litigation or rights of any nature against Debtor, its affiliates, any guarantor or other third party, which may be paid or issued with respect to the Claim (the "<u>Recovery</u>"). This Claim Purchase Agreement (the "<u>Agreement</u>") shall be deemed an unconditional purchase of the Claim for the purpose of collection and shall not be deemed to create a security interest. Seller represents the Claim is in an aggregate amount not less than $27,908.90 (the "<u>Claim Amount</u>") and has not been previously objected to, sold or satisfied. Upon execution of this Agreement, Seller agrees to promptly forward all correspondence received from the Debtor or any third party acting on behalf of the Debtor regarding the Case to Purchaser and grants unto Purchaser full authority to do all things necessary to enforce the Claim and its rights thereunder at the purchasers sole discretion.

<u>Proof of Claim</u>. Seller represents and warrants that (check one):
(i) ___ a Proof of Claim in the amount of $ _____ (the "<u>Proof of Claim Amount</u>"), a copy of which is annexed hereto, has been duly and timely filed in the Case; or
(ii) ___ no Proof of Claim has been filed.

The term "Proof of Claim" shall include: (a) any and all multiple Proofs of Claim filed at any time by or on behalf of Seller in respect of the Claim, and (b) any and all of Seller's documentation supporting the Claim. The parties agree that if the Proof of Claim amount differs from the Claim Amount set forth above, Purchaser shall nevertheless be deemed the owner of the Proof of Claim, subject to the terms of this Agreement, and shall be entitled to identify itself as owner of such Proof of Claim on the records of the Court. The Parties further agree that, if the Proof of Claim Amount is less than the Claim Amount, the Purchase Price shall be proportionately reduced.

<u>Claim or Recovery Impaired or Allowed for Less than Claim Amount</u>. Seller agrees to make to Purchaser immediate proportional restitution and repayment of the Purchase Price to the extent that the Claim is disallowed, subordinated, objected to, or otherwise impaired for any reason whatsoever in whole or in part, or if the Claim is not listed on the Debtor's schedules of liability (the "<u>Schedules</u>"), or listed on the Schedules as unliquidated, contingent or disputed or in a lesser amount than the Claim Amount. For clarity purposes, this paragraph pertains only to the validity of the Claim and not the Recovery.

<u>Execution of Agreement</u>. This Agreement shall become effective and valid when (a) Seller executes this Agreement and it is received by Purchaser <u>and</u> (b) the Agreement is executed by an authorized representative of Purchaser.

<u>Governing Law</u>. This Agreement shall be governed by the laws of the State of New York. Any action relating to this Agreement may be brought in any court in the State of New York, and Seller consents to personal jurisdiction over Seller by such court and agrees that service of process may be upon Seller by mailing a copy of said process to Seller at the address below, and in any action hereunder Seller and Purchaser each waive the right to demand a trial by jury.

<u>Miscellaneous</u>. Purchaser shall have the right to all remedies including specific performance and other injunctive and equitable relief without a showing of irreparable harm or injury and without posting a bond for any breach of this Agreement. Each party expressly acknowledges that it is not relying upon any representations, promises, or statements, except to the extent that the same are expressly set forth herein, and that each party has full authority to enter into this Agreement and that the individuals whose signatures appear below hereby expressly represent that they have the authority to bind the party for which they sign. The parties hereby mutually agree and stipulate that this Agreement is the result of negotiations between the parties and the terms hereof are jointly negotiated terms. Accordingly, any rules of interpretation, construction or resolving ambiguity against the drafter that otherwise apply, shall not apply hereto. This Agreement (i) may not be modified, waived, changed or discharged, except by an agreement in writing signed by the parties; (ii) constitutes the entire agreement and understanding between the parties hereto with respect to the subject matter hereof and (iii) supersedes all prior agreements, understandings and representations pertaining to the subject matter hereof, whether oral or written. Seller hereby acknowledges that Purchaser may resell the Claim, or any portion thereof, together with all right title and interest received by Purchaser in and to this Agreement. Seller shall not assign or otherwise transfer its rights or obligations under this Agreement without the prior written consent of Purchaser. This Agreement shall be binding upon any prospective successor of Seller (whether by operation of law, merger or otherwise) or on any purchaser of all or substantially all of Seller's assets ("<u>Transfer</u>"). In connection with any such Transfer, the purchaser, successor or assignee of Seller shall be bound by the terms and conditions of this Agreement. All representations and warranties made herein shall survive the execution and delivery of this Agreement and any Transfer. This Agreement may be signed in counterparts and by telecopy, or other commonly acceptable form of electronic transmission, each of which shall be deemed an original and all of which taken together shall constitute the Agreement. Purchaser's failure or delay to exercise any right, power or privilege hereunder shall not operate as a waiver thereof.

<u>Consent and Waiver</u>. Seller hereby acknowledges and consents to all of the terms set forth in this Agreement and hereby waives its right to raise any objections thereto pursuant to Rule 3001 of the Federal Rules of Bankruptcy Procedure.

IN WITNESS WHEREOF, the undersigned Seller hereunto sets its hand Sept. 16, 2009. ATTEST:

By: /s/ Kim Mitchell
    Signature      303-393-3382
                         Telephone #

/ Kim Mitchell, Controller     303-393-3703     Kmitchell@integer.com
  Print Name/Title             Fax#                        Email
  INTEGER GROUP LLC

IN WITNESS WHEREOF, the undersigned Purchaser hereunto sets its hand September 25, 2009. ATTEST:

By: /s/ Robert M. Axenrod
    Robert M. Axenrod
    Claims Recovery Group LLC
    (201) 266-6988 (t)     (201)266-6985 (f)