## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| R.H. DONNELLEY CORPORATION, et al.,[1] | Case No. 09-11833 (KG) |
| Debtors. | Jointly Administered |
| | **Ref. Docket No.  563** |

## ORDER (I) APPROVING THE DISCLOSURE STATEMENT, (II) ESTABLISHING PROCEDURES FOR THE SOLICITATION AND TABULATION OF VOTES TO ACCEPT OR REJECT THE DEBTORS' JOINT PLAN OF REORGANIZATION, (III) SCHEDULING A HEARING TO CONSIDER CONFIRMATION OF THE DEBTORS' JOINT PLAN OF REORGANIZATION AND ESTABLISHING NOTICE AND OBJECTION PROCEDURES IN RESPECT THEREOF AND (IV) GRANTING RELATED RELIEF

Upon the motion, dated October 5, 2009 (the "Motion"), of the above-captioned

debtors and debtors-in-possession (collectively, the "Debtors"), for entry of an order  pursuant to

sections 105, 1125, 1126 and 1128 of title 11 of the United States Code (the "Bankruptcy

Code"), Rules 2002, 3003, 3017, 3018 and 3020 of the Federal Rules of Bankruptcy Procedure

(the "Bankruptcy Rules"), and Rule 3017-1 of the Local Rules of Bankruptcy Practice and

Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local

Rules"), (i) approving the Disclosure Statement; (ii) establishing procedures for the solicitation

and tabulation of votes to accept or reject the Joint Plan of Reorganization for R.H. Donnelley

Corporation and Its Subsidiaries (as the same may be amended, supplemented or modified from

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: R.H. Donnelley Corporation (0040), R.H. Donnelley Inc. (7635), DonTech Holdings, LLC (1351), R.H. Donnelley Publishing & Advertising of Illinois Holdings, LLC (1433), DonTech II Partnership (0375), R.H. Donnelley Publishing & Advertising of Illinois Partnership (9571), R.H. Donnelley Publishing & Advertising, Inc. (8228), Get Digital Smart.com, Inc. (4530), R.H. Donnelley APIL, Inc. (6495), RHD Service LLC (0222), Dex Media, Inc. (9762), Dex Media East, Inc. (5763), Dex Media East LLC (4575), Dex Media East Finance Co. (5761), Dex Media West, Inc. (7004), Dex Media West LLC (3487), Dex Media West Finance Co. (7059), Dex Media Service LLC (9647), Business.com, Inc. (9750), and Work.com, Inc. (5224).  The Debtors' corporate headquarters are located at, and the mailing address for each Debtor is, 1001 Winstead Drive, Cary, NC 27513.

time to time, the "Plan")[2]; (iii) scheduling a hearing to consider confirmation of the Plan and

establishing notice and objection procedures in respect thereof; and (iv) granting related relief,

and it appearing that adequate and sufficient notice of the Motion has been given under the

circumstances; and the Court having jurisdiction over this matter; and it further appearing that

adequate and sufficient notice, pursuant to Bankruptcy Rule 2002(b), of the hearing to approve

the Disclosure Statement has been given; and after due deliberation and upon the Court's

determination that the relief requested in the Motion is in the best interests of the Debtors, their

estates, creditors, and other parties in interest, and sufficient cause appearing therefor,

THE COURT HEREBY FINDS AND DETERMINES THAT:

A.      The Ballots and Master Ballots attached to this Order as Exhibits A and B,

respectively, are sufficiently consistent with Official Form No. 14, adequately address the

particular needs of these chapter 11 cases, and are appropriate for each Class of Claims entitled

under the Plan to vote to accept or reject the Plan.

B.      Ballots need not be provided to the Holders of Impaired Interests in Class

1I (RHDC Interests) because the Plan provides that Holders in such class are Impaired under the

Plan and shall neither receive nor retain any property under the Plan on account of such Interests,

and thus are deemed to have rejected the Plan and are not entitled to vote to accept or reject the

Plan.

C.      Ballots need not be provided to the Holders of Unimpaired Claims and

Interests in Classes 1A through 19A (Priority Non-Tax Claims), Classes 1B through 19B (Other

Secured Claims), and Classes 2G, 3H, 4I, 5G through 9G, 10H through 16H, 17F through 20F

and 20B (Interests in Debtors Other Than RHDC) because the Plan provides that Holders in such

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion, Plan or Disclosure Statement, as applicable.

Classes are unimpaired and deemed to have accepted the Plan and are therefore not entitled to vote to accept or reject the Plan.

        D.      The voting instructions and procedures attached to the Ballots and Master Ballots provide for a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code and the applicable Bankruptcy Rules.

        E.      The procedures associated with the Ballots with respect to a party's right to voluntarily grant the releases contained in section 10.2.2 of the Plan and the related injunction are fair and reasonable.

        F.      In accordance with Bankruptcy Rule 3017(c), the procedures set forth in the Motion for transmitting Solicitation Packages to beneficial Holders of securities of the Debtors are adequate under the circumstances for creditors to make an informed decision to accept or reject the Plan.

        G.      The contents of the Solicitation Packages, as set forth in the Motion, comply with Bankruptcy Rules 2002 and 3017 and constitute sufficient notice to all interested parties including, without limitation, holders of equity interests in the Debtors.

        H.      The combination of direct and published notice of the Plan and Confirmation Hearing, as set forth in the Motion, satisfies the requirements of due process with respect to all known and unknown creditors of the Debtors.

## NOW THEREFORE, IT IS HEREBY ORDERED THAT:

1.      <u>Disposition</u>.  The Motion is granted.

2.      The Disclosure Statement is approved as containing adequate information within the meaning of section 1125 of the Bankruptcy Code.  Any objections that have not previously been withdrawn or resolved are hereby overruled.

3.    Record Date. **October 30, 2009**, is established as the record date (the "Record Date") for purposes of determining creditors and interest Holders entitled to receive the Solicitation Packages, Notice of Unimpaired Non-Voting Status, or the Rejecting Class Notice and determining which Holders of Claims are entitled to vote on the Plan, as applicable.

4.    Solicitation Packages. The Debtors are authorized and empowered to distribute or cause to be distributed, by the Solicitation Commencement Date, the Solicitation Packages, by first class mail, containing copies of:

     a.    a CD-ROM containing (i) the Disclosure Statement, together with the Plan and all other exhibits annexed thereto, and (ii) the Solicitation Procedures Order, excluding the exhibits annexed thereto;

     b.    the Confirmation Hearing Notice; and

     c.    a Ballot and/or a Master Ballot, as appropriate, together with a return envelope; or

     d.    a Notice of Unimpaired Non-Voting Status or a Rejecting Class Notice, as applicable; and

     e.    such other materials as the Court may direct or approve, including any supplemental solicitation materials the Debtors may file with the Court.

The Debtors are further authorized to distribute the Disclosure Statement and Plan on CD-ROM; provided, however, that any party receiving the CD-ROM may request, at the Debtors' expense, hard copies of the Disclosure Statement, together with the Plan and other exhibits annexed thereto, from the Voting Agent.

5.    To the extent that the following parties have not otherwise received a Solicitation Package, as of the Solicitation Commencement Date, the Debtors are authorized and empowered to commence distribution of (a) the CD-ROM containing (i) the Disclosure Statement, together with the Plan and all other exhibits annexed thereto, and (ii) the Solicitation

Procedures Order, excluding the exhibits annexed thereto, and (b) the Confirmation Hearing

Notice to: (i) the Office of the United States Trustee; (ii) counsel to the Committee; (iii) counsel

to the administrative agents under the Debtors' prepetition credit facilities; (iv) counsel to the

Consenting Noteholders; (v) the indenture trustees for each series of the Debtors' prepetition

notes; and (vi) those parties entitled to notice pursuant to Bankruptcy Rule 2002.

6.    A transferee of a scheduled or filed Claim shall be entitled to receive a

Solicitation Package and cast a Ballot on account of the transferred Claim only if all actions

necessary to effect the transfer of the Claim pursuant to Bankruptcy Rule 3001(e) have been

completed by the Record Date.

7.    Where a Claim is transferred after the transferor has completed a Ballot,

the transferee of such Claim shall be bound by any vote (and the consequences thereof) made on

the Ballot by the Holder of such transferred Claim as of the Record Date.

8.    The Debtors are not required to mail Solicitation Packages or other

solicitation materials to Holders of Claims that have already been paid in full during these

chapter 11 cases or that are authorized to be paid in full in the ordinary course of business

pursuant to an order previously entered by this Court.

9.    <u>Delivery to Holders of Unimpaired Claims Deemed to Accept the Plan</u>.

The Notice of Unimpaired Non-Voting Status, substantially in the form attached hereto as

<u>Exhibit C</u>, is hereby approved.  The Debtors shall mail or cause to be mailed by the Solicitation

Commencement Date by first class mail to each member of Classes 1A through 19A (Priority

Non-Tax Claims), Classes 1B through 19B (Other Secured Claims), Classes 2G, 3H, 4I, 5G

through 9G, 10H through 16H, 17F through 20F, and 20B (Interests in Debtors Other Than

RHDC) and to each Holder of an Unclassified Claim a Solicitation Package containing a Notice of Unimpaired Non-Voting Status instead of a Ballot.

10.    Delivery of Notices to Deemed Rejecting Classes.  The Rejecting Class Notice, substantially in the form attached hereto as Exhibit D, is hereby approved.  The Debtors shall mail or cause to be mailed by the Solicitation Commencement Date by first class mail to each member of Class 1I (RHDC Interests) a Solicitation Package containing (a) the Confirmation Hearing Notice, (b) the Rejecting Class Notice, and (c) a copy of this Order.

11.    Undeliverable or Returned Notices and Solicitation Packages.  The Debtors are excused from distributing Solicitation Packages, Confirmation Hearing Notices, Notices of Unimpaired Non-Voting Status or Rejecting Classes Notices to those entities listed at addresses where the Debtors are unable to obtain accurate addresses for such entities before the Solicitation Commencement Date after having exercised good faith efforts to locate a more current address.

12.    Further, if the Debtors send Solicitation Packages, Confirmation Hearing Notices, Notices of Unimpaired Non-Voting Status or Rejecting Class Notices, which are deemed undeliverable and, in good faith, cannot obtain more current addresses, the Debtors are excused from attempting to re-deliver Solicitation Packages, Confirmation Hearing Notices, Notices of Unimpaired Non-Voting Status or Rejecting Class Notices to such entities.

13.    Approval of Ballots, Master Ballots and Procedures for Voting on the Plan.  The Ballots and Master Ballots, substantially in the form attached hereto as Exhibits A and B, respectively, are hereby approved.

14.     Creditors entitled to vote on the Plan, who have more than one Claim against one or more of the Debtors in one or more Class, shall receive only one Solicitation Package and one or more Ballots, as necessary.

15.     Solicitation Packages, which shall include Ballots and Master Ballots as appropriate, shall be distributed to Holders of Claims as of the Record Date in the Voting Classes, which are: (a) Classes 1E, 2D, 3E, 4E and 4F (Noteholders Claims), (b) Classes 1F and 10E through 16E (RHDI Noteholders Guaranty Claims), (c) Classes 3D, 4D and 5D (Prepetition Lenders Claims), (d) Classes 1D and 6D through 16D (Prepetition Lenders Guaranty Claims), (e) Classes 1C through 19C (Convenience Claims), (f) Classes 1G, 2E, 3F, 4G, 5E through 9E, 10F through 16F, and 17D through 19D (General Unsecured Claims), and (g) Classes 1H, 2F, 3G, 4H, 5F through 9F, 10G through 16G, and 17E through 19E (Intercompany Claims).

16.     In the event that no Holder of a Claim in a particular Class votes to accept or reject the Plan by the Voting Deadline, such Class shall be deemed eliminated from the Plan for purposes of voting to accept or reject the Plan and for purposes of determining acceptance or rejection of the Plan pursuant to section 1129(a)(8) of the Bankruptcy Code.

17.     In the event that any Holders of any Claims do not comply with their obligations under the applicable Plan Support Agreement, nothing in this Order shall prohibit or impair the Debtors from seeking, on an expedited basis, relief from this Court to enforce the terms of the applicable Plan Support Agreement.

18.     With respect to Solicitation Packages to be distributed to Holders of Claims in Classes 1E, 2D, 3E, 4E and 4F (Noteholders Claims), Classes 1F and 10E through 16E (RHDI Noteholders Guaranty Claims), Classes 3D, 4D and 5D (Prepetition Lenders Claims), and Classes 1D and 6D through 16D (Prepetition Lenders Guaranty Claims), the Debtors shall

distribute or cause to be distributed Solicitation Packages, including Ballots, to record Holders of the Debtors' securities in such class, including without limitation, brokers, banks, commercial banks, trust companies, dealers, other agents or nominees, or their mailing agents (collectively, the "Voting Nominees"), and each Voting Nominee shall be entitled to receive reasonably sufficient numbers of Solicitation Packages (including Beneficial Ballots) to distribute to the beneficial owners of the Claims for whom such Voting Nominee acts (collectively, the "Beneficial Owners"), and, upon request, the Debtors shall be responsible for each such Voting Nominee's reasonable, actual, and customary out-of-pocket expenses associated with the distribution of the Solicitation Packages to the Beneficial Owners of such Claims and Interests, the tabulation of the Beneficial Ballots and the completion of Master Ballots.

19.    The Debtors are authorized to distribute or cause to be distributed Master Ballots to the Voting Nominees in Classes 1E, 2D, 3E, 4E and 4F (Noteholders Claims), Classes 1F and 10E through 16E (RHDI Noteholders Guaranty Claims), Classes 3D, 4D and 5D (Prepetition Lenders Claims), and Classes 1D and 6D through 16D (Prepetition Lenders Guaranty Claims) in accordance with customary procedures.

20.    Each Voting Nominee is required to forward the Solicitation Packages to Beneficial Owners, receive returned Ballots from the Beneficial Owners, tabulate the results according to the instructions set forth in the Master Ballots, and (i) return such results in a Master Ballot, and (ii) retain the underlying Ballots received from the Beneficial Owners for inspection for a period of one year following the Voting Deadline.

21.    In order to cast its vote, the Beneficial Owner should return its Beneficial Ballot to the Voting Nominee so that it is received by the Voting Nominee no later than three (3) business days prior to the Voting Deadline.

22.    The Solicitation Package and the manner of service of the Solicitation Package satisfy the requirements of Bankruptcy Rule 3017(d).

23.    <u>Voting Deadline</u>. **December 17, 2009 at 4:00 p.m. (Eastern Time)** is established as the deadline by which all Ballots and Master Ballots must be properly executed, completed, delivered to and received by the Voting Agent (the "<u>Voting Deadline</u>").

24.    <u>The Garden City Group, Inc. as Voting Agent</u>. The Garden City Group, Inc. ("<u>GCG</u>") is authorized to, among other things, perform all Balloting Services.

25.    <u>Ballot Tabulation</u>. The Ballots and Master Ballots must be properly executed, completed and the original thereof shall be delivered to the Voting Agent so as to be actually received by not later than the Voting Deadline (i) by first class mail addressed to The Garden City Group, Inc., attn: RHD Bankruptcy Administration, P.O. Box 9373, Dublin, OH 43017-4273; or (ii) via hand delivery or overnight courier The Garden City Group, Inc., attn: RHD Bankruptcy Administration, 5151 Blazer Parkway Suite A, Dublin, OH 43017, or The Garden City Group, Inc., attn: RHD Bankruptcy Administration, 105 Maxess Road, Melville, NY 11747.

26.    If any party wishes to have its Claim allowed for purposes of voting on the Plan in a manner that is inconsistent with the Ballot it received or the tabulation rules as set forth herein, such party must serve on the Debtors and file with the Bankruptcy Court, on or before December 1, 2009, a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for purposes of voting (the "<u>3018 Motion</u>"). A 3018 Motion must set forth with particularity the amount and classification of which such party believes its Claim should be allowed for voting purposes, and the evidence in support of its belief.

27.     In respect of any timely-filed 3018 Motion, the Ballot in question shall be counted (a) in the amount established by the Bankruptcy Court in an order entered on or before the Voting Deadline or (b) if such an order has not been entered by the Voting Deadline and unless the Debtors and the party have come to an agreement as to the relief requested in the 3018 Motion, in an amount equal to the preprinted amount on the Ballot or in accordance with the tabulation rules or in the event a party did not receive a Ballot, such party shall not have a Ballot counted at all.  December 15, 2009 at 11:00 a.m. (Eastern Time) is established as the date for a hearing to consider all 3018 Motions.  Parties who were given the option of filling in a Claim amount on their Ballots do not need to file a 3018 Motion.

28.     Except as otherwise provided by the express terms of this Order, any Ballot received after the Voting Deadline shall not be counted.

29.     Except as otherwise provided by the express terms of this Order, each Holder of a Claim within a class of Claims entitled to vote to accept or reject the Plan shall be entitled to vote the amount of such Claim as of the Record Date.

30.     If any creditor casts more than one Ballot or Master Ballot voting the same Claim(s) before the Voting Deadline, the last dated valid Ballot or Master Ballot received before the Voting Deadline shall be deemed to reflect the voter's intent and supersede any prior Ballots or Master Ballots.

31.     If a Holder of Claims casts multiple Ballots or Master Ballots dated with the same date, but which are voted inconsistently, such Ballots or Master Ballots will not be counted, except in the case of a supplemental Master Ballot.

32.     Creditors with multiple Claims within a particular Class under the Plan, whether or not such Claims are asserted against the same Debtor or multiple Debtors, must vote

all of their Claims within a Class either to accept or reject the Plan and may not split their vote(s).

33.    Any Ballot that partially rejects and partially accepts the Plan will not be counted.

34.    For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate Claims held by a single creditor in a particular Class will be aggregated as if such creditor held one Claim against the Debtors in such Class, and the votes related to such Claims shall be treated as a single vote to accept or reject the Plan.

35.    Any creditor who has filed or purchased duplicative Claims (whether against a single Debtor or multiple Debtors) that are classified under the Plan in the same Class, shall be provided with only one Solicitation Package and one Ballot for voting a single Claim in such Class, regardless of whether the Debtors have objected to such duplicate Claims.

36.    A Holder of Claims in more than one class under the Plan must execute a separate Ballot for each class of Claims, and in the case of securities, each Beneficial Owner must execute a separate Ballot for each block of securities that it holds through any Voting Nominee and must return each such Ballot to the appropriate Voting Nominee.

37.    The following types of ballots will not be counted in determining whether the Plan has been accepted or rejected:

   a.    any Ballot or Master Ballot that is otherwise properly completed, executed, and timely returned to the Voting Agent, but does not indicate an acceptance or rejection of the Plan, or that indicates both an acceptance and rejection of the Plan;

   b.    any Ballot or Master Ballot received after the Voting Deadline in the Debtors' sole discretion;

   c.    any Ballot containing a vote that this Court determines, after notice and a hearing, was not solicited or procured in good faith or in accordance with the applicable provisions of the Bankruptcy Code;

d.     any Ballot that is illegible or contains insufficient information to permit the identification of the claimant;

e.     any Ballot cast by a person or entity that does not hold a Claim in a Class that is entitled to vote to accept or reject the Plan;

f.     any ballot cast for a Claim scheduled as unliquidated, contingent, or disputed or in an amount equal to zero dollars for which no proof of Claim was timely filed and is not otherwise subject to a motion filed pursuant to Bankruptcy Rule 3018

g.     any unsigned Ballot or a Ballot without an original signature; and

h.     any Ballot transmitted to the Voting Agent by facsimile or other electronic means.

38.     In addition, the following voting procedures and standard assumptions will

be used in tabulating the Ballots:

a.     The method of delivery of Ballots to be sent to the Voting Agent is at the election and risk of each creditor, but such delivery will be deemed made only when the original, executed Ballot is actually received by the Voting Agent.

b.     If multiple Ballots are received from an individual creditor with respect to the same Claims prior to the Voting Deadline, the last valid Ballot timely received will be deemed to reflect the voter's intent and to supersede and revoke any prior Ballot.

c.     If a Holder of Claim(s) casts multiple ballots on account of the same Claim or Class of Claims, which are received by the Voting Agent on the same day, but which are voted inconsistently, such ballots shall not be counted.

d.     The Debtors, in their sole discretion, subject to contrary order of the Court, may waive any defect in any Ballot or Master Ballot at any time, including failure to timely file such Ballot, either before or after the close of voting, and without notice. Except as provided below, unless a Ballot or Master Ballot being furnished is timely submitted on or prior to the Voting Deadline, the Debtors may, in their sole discretion, reject such Ballot or Master Ballot as invalid, and therefore, decline to utilize it in connection with confirmation of the Plan.

e.     After the Voting Deadline, no vote may be withdrawn without the prior consent of the Debtors.

f.  Subject to any contrary order of the Court, the Debtors reserve the right to reject any and all Ballots or Master Ballots not proper in form.

g.  Subject to any contrary order of the Court, the Debtors further reserve the right to waive any defects or irregularities or conditions of delivery as to any particular ballot.

h.  Unless otherwise ordered by the Court, any defects or irregularities in connection with deliveries of Ballots or Master Ballots must be cured within such time as the Debtors (or the Court) determine, and delivery of such Ballots will not be deemed to have been made until such irregularities have been cured or waived.

i.  Neither the Debtors, nor any other person or entity, will be under any duty to provide notification of defects or irregularities with respect to deliveries of ballots, nor will any such party incur any liabilities for failure to provide such notification.  Ballots previously furnished (and as to which any irregularities have not theretofore been cured or waived) will not be counted.

j.  Any Holder of a General Unsecured Claim that desires treatment of such Claim as a Convenience Claim shall make such election on the Ballot.  If a Holder of a General Unsecured Claim fails to make such election on the Ballot, the Holder's Claim will be treated as a General Unsecured Claim in the Class identified on the Ballot

39.  Each Holder of a Claim within a voting Class of Claims, except for

Beneficial Owners who receive a ballot from a Voting Nominee, shall be entitled to vote the

amount of such Claim according to the following procedures:

a.  A Claim will be temporarily allowed for voting purposes as listed in the Debtors' schedules of liabilities, provided that (i) such Claim is not scheduled as contingent, unliquidated, undetermined or disputed and (ii) no proof of claim has been timely filed (or otherwise deemed timely filed by the Court under applicable law);

b.  Non-contingent, liquidated, determined or undisputed Claims will be temporarily allowed for voting purposes as specified in a proof of claim timely filed with the Court or the Voting Agent (or otherwise deemed timely filed by this Court under applicable law) to the extent the proof of claim is not the subject of an objection (or, if such Claim has been resolved pursuant to a stipulation or order entered by this Court in the amount set forth in such stipulation or order);

c.  Contingent, unliquidated or disputed Claims listed on the Debtors'
schedules of liabilities will be temporarily allowed for voting purposes
in the amount allowed by the Court, pursuant to Bankruptcy Rule
3018(a), only if a motion is filed, notice is provided, a hearing is held
and order is entered on or before the Voting Deadline;

d.  Ballots for timely filed Claims (or Claims which are deemed timely filed
under applicable law) which are the subject of an objection filed before
the Voting Deadline, shall not be counted, unless temporarily allowed
by this Court for voting purposes, pursuant to Bankruptcy Rule 3018(a),
after a motion is filed by any such creditor, notice is provided, a hearing
is held and an order is entered by the Court on or prior to the Voting
Deadline;

e.  If the Debtors have requested that a Claim be reclassified and/or allowed
in a fixed, reduced amount pursuant to an objection to such Claim, such
Claim Holder's ballot shall be counted to the extent of such amount
requested by the Debtors and in the requested category, subject to any
order entered pursuant to a motion filed by that Holder under
Bankruptcy Rule 3018;

f.  Ballots for timely filed Claims which are listed as contingent,
unliquidated and/or disputed and are not the subject of an objection filed
before the commencement of the Voting Deadline, shall vote in the
amount of $1.00, unless otherwise allowed by Court order after a timely
filed motion under Bankruptcy Rule 3018; and

g.  For purposes of the numerosity requirement of section 1126(c) of the
Bankruptcy Code, separate Claims held by a single creditor in a
particular Class will be aggregated as if such creditor held one Claim
against the Debtors in such Class, and the votes related to such Claims
will be treated as a single vote to accept or reject the Plan.

40.  <u>Master Ballot Tabulation</u>. With respect to the tabulation of Master Ballots
and Beneficial Ballots cast by Voting Nominees and Beneficial Owners, the amount that will be
used to tabulate acceptance or rejection of the Plan will be the principal amount held by such
Voting Nominees and Beneficial Owners as of the Record Date.

41.  The following additional rules apply to the tabulation of Master Ballots
and Beneficial Ballots cast by Voting Nominees and Beneficial Owners:

a.  Votes cast by Beneficial Owners through a Voting Nominee will be
applied against the positions held by such entities in the applicable

security of the Debtors as of the Record Date, as evidenced by the record and depository listings. Votes submitted by a Voting Nominee, pursuant to a Master Ballot, will not be counted in excess of the Record Amount of the applicable securities held by such Voting Nominee.

b.    To the extent that conflicting votes or "overvotes" are submitted by a Voting Nominee, the Voting Agent, in good faith, will attempt to reconcile discrepancies with the applicable Voting Nominees.

c.    To the extent that overvotes on a Master Ballot are not reconcilable prior to the preparation of the vote certification, the Voting Agent will apply the votes to accept and to reject the Plan in the same proportion as the votes to accept and reject the Plan submitted on the Master Ballot that contained the overvote, but only to the extent of the Voting Nominee's position in the applicable security.

d.    Where a Beneficial Owner holds securities through more than one Voting Nominee, it must execute a separate Ballot for each block of debt securities owned by such Beneficial Owner. However, such Holder must vote all of its Claims in each Class in the same manner, to either accept or reject the Plan. Accordingly, if such Holder returns more than one Ballot to more than one Voting Nominee voting different Claims within each Class under the Plan and the Ballots are not voted in the same manner, as reflected on such separate Master Ballots, such votes will not be counted.

42.    <u>Plan Confirmation</u>. A hearing shall be held before this Court on **January 12, 2010 at 10:00 a.m. (Eastern Time)** (the "<u>Confirmation Hearing</u>"), to consider confirmation of the Plan. The Confirmation Hearing may be continued from time to time by the Court without further notice.

43.    <u>Objection Deadline</u>. Any objection to the confirmation of the Plan (including any supporting memoranda) must: (i) be made in writing; (ii) state the name and address of the objecting party and the nature of the claim or interest of such party; (iii) state with particularity the legal and factual basis and nature of any objection to the Plan; and (iv) be filed with the Court, together with proof of service, and served so that they are received on or before **December 17, 2009 at 4:00 p.m. (Eastern Time)** (the "<u>Objection Deadline</u>") by the following parties:

[remainder of page intentionally left blank]


Counsel for the Debtors and Debtors in Possession

Sidley Austin LLP
One South Dearborn Street
Chicago, Illinois 60603
Fax (312) 853-7036
Attn: James F. Conlan and Paul S. Caruso

-and-

Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Attn: Robert S. Brady, Esq
Telephone: (302) 571-6600

-and-

The United States Trustee

U.S. Trustee
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207
Lock Box 35
Wilmington, DE 19801
Fax (302) 573-6497
Attn: Richard Schepacarter

-and-

Counsel to the Official Committee of Unsecured Creditors

Ropes & Gray LLP
1211 Avenue of the Americas
New York, New York 10036-8704
Facsimile: (212) 596-9090
Attn: Anne H. Pak

-and-
Cozen O'Connor
Chase Manhattan Centre
1201 North Market Street
Suite 1400
Wilmington, Delaware 19801
Facsimile: (302) 295-2013

Attn: Mark E. Felger

Counsel to the Agents for the Debtors' Prepetition Credit Facilities

Bingham McCutchen LLP
399 Park Avenue
New York, New York 10022
Attn: Steven Wilamowsky and Jeffery Black
Fax: (212) 702-3607

- and –

Simpson Thacher & Bartlett LLP
425 Lexington Avenue
New York, New York 10017
Attn: Sandeep Qusba and Morris Massel
Fax: (212) 455-2502

Counsel to the Informal Group of the Debtors' Consenting Noteholders

Akin Gump Strauss Hauer & Feld LLP
One Bryant Park,New York, New York 10036
Attn: Michael S. Stamer and Sarah L. Schultz
Fax: (212) 872-1000


44.    The Court shall consider only timely filed written objections. All objections not timely filed and served in accordance herewith by the Objection Deadline shall be deemed overruled.

45.    The forms of mailed and published notice of the Confirmation Hearing, substantially in the form attached hereto as Exhibits E and F, respectively, are approved in all respects. The scope of mailed and published notice of the Confirmation Hearing is adequate and provides known and unknown claimants with good and sufficient notice of the Confirmation Hearing.

46.    Service of the Solicitation Packages and other notices and documents described in the Motion is adequate and sufficient and no further notice is necessary.

47.     The Debtors are authorized to make any non-substantive changes to the voting procedures, Ballots, Master Ballots, Notice of Unimpaired Non-Voting Status, Rejecting Class Notice and/or forms of mailed and published notice of the Confirmation Hearing without further order of the Court, including, without limitation changes to correct typographical, grammatical, and/or formatting errors or omissions prior to any mailing to parties-in-interest.

48.     The Debtors and any party supporting the Plan are granted an opportunity to file a response to any objection to confirmation of the Plan on or before January 8, 2009.  The Debtors will be required to file their proposed findings of fact and conclusions of law and their memorandum of law in support of confirmation by no later than two (2) days prior to the Confirmation Hearing.

49.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

50.     The Debtors are authorized to take or refrain from taking any action necessary or appropriate to implement the terms of and the relief granted in this Order without seeking further order of the Court.

Dated:  Wilmington, Delaware
          October  21 , 2009

_____
THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE