IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------------x
: 
: Chapter 11
In re: :
: Case No. 09-11833 (KG)
R. H. Donnelley Corporation, *et al.*, :
: (Jointly Administered)
: 
: 
Debtors. :
------------------------------------------------------------------x

### DECLARATION OF DAVID G. BEHENNA IN CONNECTION WITH MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR AN ORDER PERMITTING THE TRADING OF SECURITIES AND BANK DEBT UPON ESTABLISHMENT OF AN ETHICAL WALL

I, David G. Behenna, hereby declare:

1. I have personal knowledge of each of the facts stated in this Declaration, except for those facts stated on information and belief and, as to those facts, I am informed and believe them to be true. I submit this Declaration on behalf of PIMCO High Yield Fund (together with Pacific Investment Management Company LLC, "PIMCO"), to advise this Court of the information blocking procedures designed to prevent PIMCO trading personnel and its investment advisory personnel from receiving any nonpublic information concerning the chapter 11 cases of the above-captioned debtors (the "Debtors") through PIMCO personnel, representatives or agents ("PIMCO Committee Personnel") performing activities related to the Official Committee of Unsecured Creditors (the "Committee") in the Debtors' chapter 11 cases

4013012_3.DOC

(the "Chapter 11 Cases") and to prevent PIMCO Committee Personnel from receiving information regarding PIMCO's trading in Securities or Bank Debt[1] in advance of trading.

2.      I am the President of Tiger Bay Management, Inc., which serves as consultant to PIMCO with respect to debt securities, the issuers of which are in financial distress. In that capacity, I act as PIMCO's representative on committees formed to represent creditors in out-of-court restructurings and Chapter 11 reorganization cases.

3.      In conjunction with PIMCO's existing information blocking procedures and in accordance with the Order, PIMCO has established and will maintain the following internal procedures: (i) each PIMCO Committee Personnel has executed a letter to Committee Counsel (with copies to the United States Trustee) acknowledging that they may receive such nonpublic Information (as defined below) and that they are aware of, and agree to comply with, the Order and Ethical Wall procedures which are in effect with respect to the Securities and Bank Debt; (ii) subject to paragraph 4 hereof, PIMCO Committee Personnel will not share any material non-public information generated by, received from or relating to Committee activities or Committee membership ("Information") with any other PIMCO employees ("Non-Committee PIMCO Personnel") other than in compliance with the Order and Ethical Wall procedures; (iii) PIMCO shall take those steps necessary to restrict access to hard copy files containing Information of Non-Committee PIMCO Personnel and will maintain separate phone numbers and facsimile lines for PIMCO Committee Personnel; (iv) PIMCO shall take those steps necessary to restrict the exchange of Information through electronic means between PIMCO Committee Personnel and all Non-Committee PIMCO Personnel, which shall be monitored by PIMCO's compliance

---

[1] Capitalized terms used but not defined herein shall have the meaning ascribed to such term in the Order Permitting the Trading of Securities and Bank Debt Upon Establishment of an Ethical Wall, dated October 22, 2009 [Docket No. 5610] (the "Order").

personnel; (v) PIMCO Committee Personnel will not receive any specific or detailed information regarding PIMCO's trades in the Securities or Bank Debt in advance of the execution of such trades; provided, however, that this restriction shall not apply to any PIMCO Committee Personnel who are legal personnel, to the extent they are consulted about these chapter 11 cases, including but not limited to, the terms of the Order or PIMCO's general ability to trade in the Securities or Bank Debt and; provided, further, PIMCO Committee Personnel may receive (a) reports and communications showing PIMCO's purchases, sales and ownership of Securities or Bank Debt, but no more frequently than is customary or otherwise appropriate and (b) the usual internal reports showing PIMCO's purchases and sales on behalf of itself or its clients to the extent that such personnel would otherwise receive such reports and communications in the ordinary course and such reports are not specifically prepared with respect to the Debtors; (vi) PIMCO's compliance personnel shall review PIMCO's trades to determine if there is any reason to believe that such trades were not made in compliance with the Ethical Wall procedures; (vii) unless PIMCO resigns from the Committee or otherwise is no longer subject to the Order, it shall provide written or electronic notice on a quarterly basis to Committee Counsel and to the United States Trustee verifying review of, and continued compliance with, the terms of the Order and shall disclose, as soon as is practicable, to Committee Counsel and the United States Trustee any material breaches of the Order; (viii) PIMCO has provided to the United States Trustee an initial certification of the amount and types of its claims against/interests in the Debtors and shall update this information through quarterly reports submitted to the United States Trustee and (ix) PIMCO shall disclose the identity of the PIMCO Committee Personnel and each current PIMCO Committee Personnel will file a separate declaration with the Court affirming their intention to comply with the Order set forth herein.

4.  Notwithstanding any of the above, PIMCO Committee Personnel may share Information with (a) senior management of PIMCO who, due to their duties and responsibilities, have a legitimate need to know such Information provided that such individuals (i) otherwise comply with the Order and (ii) use such Information only in connection with their senior managerial responsibilities and not for trading purposes and (b) regulators, auditors, consultants, advisors and legal and compliance personnel, and to the extent that such Information may be accessible by internal computer systems, PIMCO administrative personnel who service and maintain such systems, each of whom will agree not to share Information with other employees and will keep such Information in files inaccessible to other employees, representatives and agents who are involved with trading or investment advisory activities with respect to PIMCO, its clients or its interests.

5.  The PIMCO Committee Personnel assigned to the Debtors' chapter 11 cases will be Stephen G. Moyer, a Senior Vice President of PIMCO and myself. Mr. Moyer will submit a separate Declaration affirming his intention to comply with the information screening procedures described herein. In the event any other PIMCO representative is chosen to act as a Committee representative on behalf of PIMCO in the Debtors' Chapter 11 Cases, such individual will also submit a Declaration affirming his or her intention to comply with the screening procedures described herein prior to accepting any responsibilities in connection herewith.

I declare under penalty of perjury the foregoing is true and correct.

Executed this 23rd day of October 2009 at Rolling Hills Estates, California.

TIGER BAY MANAGEMENT, INC.

By: _____
David G. Behenna
President