**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>R.H. DONNELLEY CORPORATION, et al.,[1]<br><br>Reorganized Debtors. | Chapter 11<br><br>Case No. 09-11833 (KG)<br><br>Jointly Administered |

**NOTICE OF (A) THE ENTRY OF AN ORDER CONFIRMING THE JOINT PLAN OF REORGANIZATION OF R.H. DONNELLEY CORPORATION AND ITS SUBSIDIARIES; (B) THE EFFECTIVE DATE OF THE PLAN; (C) THE SUBSTANTIAL CONSUMMATION OF THE PLAN; AND (D) BAR DATES FOR CERTAIN CLAIMS**

PLEASE TAKE NOTICE OF THE FOLLOWING:

**1.  Confirmation of the Plan.**  R.H. Donnelley Corporation[2] and its subsidiaries, as debtors and debtors-in-possession in the above-captioned, jointly administered case (as reorganized, collectively, the "Reorganized Debtors") hereby give notice (the "Notice") that, on January 12, 2010 (the "Confirmation Date"), the Honorable Kevin Gross, United States Bankruptcy Judge, entered the Findings of Fact, Conclusions of Law and Order Confirming the Joint Plan of Reorganization of R.H. Donnelley Corporation and Its Subsidiaries (the "Confirmation Order") [Docket No. 933].  Unless otherwise defined in the Notice, capitalized terms used herein have the meanings set forth in the Joint Plan of Reorganization for R.H. Donnelley Corporation and Its Subsidiaries (the "Plan") [Docket No. 623].

**2.  Effective Date.**  Pursuant to the Confirmation Order, the Reorganized Debtors hereby certify and give notice that the Plan became effective in accordance with its terms, and the Effective Date occurred, on January 29, 2010 (the "Effective Date").

**3.  Substantial Consummation.**  The Reorganized Debtors hereby give notice that, pursuant to section 1101(2) of the Bankruptcy Code, the Plan has been substantially consummated.

**4.  Effect of the Occurrence of the Effective Date.**  Pursuant to section 1141 of the Bankruptcy Code, and except as otherwise provided in the confirmed Plan or the Confirmation Order, upon the occurrence of the Effective Date, the distributions and rights provided in the Plan and the treatment of Claims and Interests under the Plan shall be in exchange for and in complete satisfaction, discharge, and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, were: R.H. Donnelley Corporation (0040), R.H. Donnelley Inc. (7635), DonTech Holdings, LLC (1351), R.H. Donnelley Publishing & Advertising of Illinois Holdings, LLC (1433), DonTech II Partnership (0375), R.H. Donnelley Publishing & Advertising of Illinois Partnership (9571), R.H. Donnelley Publishing & Advertising, Inc. (8228), Get Digital Smart.com, Inc. (4530), R.H. Donnelley APIL, Inc. (6495), RHD Service LLC (0222), Dex Media, Inc. (9762), Dex Media East, Inc. (5763), Dex Media East LLC (4575), Dex Media East Finance Co. (5761), Dex Media West, Inc. (7004), Dex Media West LLC (3487), Dex Media West Finance Co. (7059), Dex Media Service LLC (9647), Business.com, Inc. (9750), and Work.com, Inc. (5224).

[2] Pursuant to the terms of the confirmed Plan and the Confirmation Order, on the Effective Date, R.H. Donnelley Corporation filed with the Secretary of State of Delaware an Amended and Restated Certificate of Incorporation which, among other things, changed R.H. Donnelley Corporation's corporate name to Dex One Corporation.

release of all Claims against and RHDC Interests in the Debtors.  The provisions of the confirmed Plan and the Confirmation Order, pursuant to section 1141(a) of the Bankruptcy Code, are binding upon all Persons, including each of the Reorganized Debtors and any and all Holders of Claims or Interests (irrespective of whether such Claims or Interests are Impaired under the Plan or whether the Holders of such Claims or Interests accepted, rejected, or are deemed to have accepted or rejected the Plan), any and all non-debtor parties to executory contracts and unexpired leases with any of the Debtors, and any and all Persons who are parties to or are subject to the settlements, compromises, releases, waivers, discharges and injunctions described in the Plan, and the respective heirs, executors, administrators, trustees, affiliates, officers, directors, agents, representatives, attorneys, beneficiaries, guardians, successors or assigns, if any, of any and all of the foregoing.

5.  **Release, Injunction, Exculpation and Indemnification Provisions.**  The Plan and Confirmation Order also contain additional protections, including certain release, injunction, supplemental injunction, exculpation and indemnification provisions, in favor of the Debtors, the Reorganized Debtors, their respective assets, property and estates, and certain other parties, as set forth in greater detail in (among other things) Article X of the confirmed Plan and pages 70-81 of the Confirmation Order, respectively.

6.  **Distribution Record Date.**  Pursuant to the terms of the confirmed Plan and the Confirmation Order, the Distribution Record Date for purposes of determining the Holders of Allowed Claims that are entitled to distributions that are required to be made under the Plan on or as soon as reasonably practicable after the Effective Date or as otherwise provided under the Plan was January 12, 2010 (*i.e.*, the date on which the clerk of the Bankruptcy Court entered the Confirmation Order on its docket); provided, however, that, notwithstanding the foregoing, for purposes of distributions to Holders of Allowed Noteholder Claims, the Distribution Record Date shall not apply, but rather such distributions shall be made by means of a book-entry exchange through the facilities of the DTC in accordance with the customary practices of the DTC.  Subject to the provisions of the confirmed Plan and the Confirmation Order, with the exception of the Allowed Prepetition Lenders Claims, the Debtors, the Reorganized Debtors, the Disbursing Agent and the Notes Indenture Trustees (i) shall have no obligation to recognize the transfer of, or the sale of any participation in, any Allowed Claim that occurs after the close of business on the Distribution Record Date, and shall be entitled for all purposes to recognize and distribute only to those Holders of Allowed Claims that are Holders of such Claims, or participants therein, as of the close of business on the Distribution Record Date; and (ii) shall instead be entitled to recognize and deal for all purposes under the Plan with only those record Holders stated on the official claims register as of the close of business on the Distribution Record Date.  On and after the Effective Date, the terms of the Amended and Restated Credit Documents shall govern all transfers and assignments thereunder.

7.  **Bar Date for Certain Administrative Expenses.**  Subject to the terms of Section 2.1 of the confirmed Plan and the Confirmation Order, all requests for payment of any Administrative Claim shall be filed with the Bankruptcy Court and served on the United States Trustee, the Reorganized Debtors and their counsel at the addresses set forth in Section 12.14 of the Plan **not later than March 15, 2010** (*i.e.*, forty-five (45) days after the Effective Date).  Unless the United States Trustee or the Reorganized Debtors object to an Administrative Claim within forty-five (45) days after the date on which such request was properly served, such Administrative Claim shall be deemed Allowed in the amount requested.  In the event that the United States Trustee or the Reorganized Debtors object to an Administrative Claim, the Bankruptcy Court shall determine the Allowed amount of such Administrative Claim; provided, however, that the United States Trustee or the Reorganized Debtors, as applicable, and the applicant may resolve such objection by stipulation, without further action of the Bankruptcy Court.  Notwithstanding the foregoing, no request for payment of an Administrative Claim need be filed with respect to an Administrative Claim which is paid or payable in the ordinary course of business.

**8.     Bar Date for Professional Fee Claims.**  Pursuant to the terms of the confirmed Plan and the Confirmation Order, except as otherwise provided in the Final Cash Collateral Orders, all final requests for compensation or reimbursement of the fees of any professional employed in these chapter 11 cases pursuant to sections 327 or 1103 of the Bankruptcy Code or otherwise, including any Claims for making a substantial contribution under section 503(b)(4) of the Bankruptcy Code, shall be filed and served on the Reorganized Debtors and their counsel and the Office of the United States Trustee**, not later than March 15, 2010** (*i.e.*, forty-five (45) days after the Effective Date), unless otherwise ordered by the Bankruptcy Court.  Objections to applications of such professionals or other entities for compensation or reimbursement of expenses must be filed and served on the Reorganized Debtors and their counsel and the Office of the United States Trustee and the requesting professional or other entity not later than twenty (20) days after the date on which the applicable application for compensation or reimbursement was properly served.

**9.     Bar Date for Rejection Damages Claims.**  Pursuant to the terms of the confirmed Plan and the Confirmation Order, if the rejection by a Debtor, in accordance with the Plan, of an executory contract or unexpired lease results in a Claim, then such Claim shall be forever barred and shall not be enforceable against any Reorganized Debtor, or its properties, unless a Proof of Claim is filed with the Claims Agent (as defined in the Plan) and served upon counsel to the Reorganized Debtors at the address specified in Section 12.14 of the Plan by the earlier of (i) **March 1, 2010** (*i.e.*, thirty (30) days after the Effective Date or (ii) thirty (30) days after entry of a Final Order rejecting any executory contract or unexpired lease.

**10.     Copies of Plan and Confirmation Order.**  Any party-in-interest who wishes to obtain a copy of the Plan, any Exhibits to the Plan, or the Confirmation Order may view and download such documents, free of charge, at the following website: **http://www.rhdrestructuring.com**.  In addition, all documents that are filed with the Bankruptcy Court may be reviewed during regular business hours (8:30 a.m. to 4:00 p.m. weekdays, except legal holidays) at the office of the Clerk, United States Bankruptcy Court for the District of Delaware, 824 Market Street, Wilmington, Delaware 19801, or at http://www.deb.uscourts.gov.

Dated: February 2, 2010                    BY ORDER OF THE COURT

| SIDLEY AUSTIN LLP | YOUNG CONAWAY STARGATT & TAYLOR, LLP |
|---|---|
| James F. Conlan | Robert S. Brady (No. 2847) |
| Jeffrey C. Steen | Edwin J. Harron (No. 3396) |
| Paul S. Caruso | Edmon L. Morton (No. 3856) |
| Alex R. Rovira | Donald J. Bowman, Jr. (No. 4383) |
| Brian J. Lohan | Kenneth J. Enos (No. 4544) |
| One South Dearborn Street | The Brandywine Building |
| Chicago, Illinois 60603 | 1000 West Street, 17th Floor |
| Telephone:  (312) 853-7000 | P.O. Box 391 |
| Facsimile:  (312) 853-7036 | Wilmington, Delaware 19801 |
|  | Telephone:  (302) 571-6600 |
|  | Facsimile:  (302) 571-1253 |

Counsel to the Reorganized Debtors